THOMAS G. ATKINS *vs.* THE BOYLSTON FIRE AND MA-
RINE INSURANCE COMPANY.

A policy of insurance on goods to be shipped between two certain days does not
cover goods shipped on either of those days.

ASSUMPSIT on a policy of insurance, dated February 7th
1840, by which the defendants caused the plaintiff to be insured
$ 15,000 on coffee, the produce of the plaintiff's estate, on
board any vessel or vessels at and from Matanzas to Boston,
" to be shipped between February 1st and July 15th 1840,"
said coffee being " valued at $ 12.50 per 100 Spanish pounds
on board, including premium." The declaration averred a loss,
by the perils of the sea, of 90 bags of such coffee laden on
board the brig Emery, by the plaintiff, between the days afore-
said.

The case was submitted to the court on an agreed statement
of facts, of which only the following are material : The policy
declared on was made at the time and in the terms stated in the
plaintiff's declaration. By another policy, dated July 14th
1840, the defendants caused the plaintiff to be insured $ 4000
on coffee on board any vessel or vessels at and from Matanzas
to Boston, " to be shipped subsequently to July 14th 1840, and
prior to October 15th 1840 : All shipments made subsequently
to July 20th to be valued at $ 12.50 per 100 Spanish pounds."
Ninety bags of coffee, belonging to the plaintiff, and weighing
14,980 pounds, were shipped on board the brig Emery, at Ma-
tanzas, on the 15th of July 1840, and were lost by the perils
of the sea while said brig was pursuing her voyage to Boston.
The invoice price of said coffee was $ 1381.07½.

On these facts, the only question between the parties was,
whether the lost coffee was insured by the valued policy declar-
ed on, or by the subsequent policy of July 14th, which was
not valued. If it was insured by the latter, the defendants claim-
ed a right to be discharged by a payment which they had made
to the plaintiff for the coffee at the invoice price, under an agree-
ment that neither party should be prejudiced by such payment.

*Crowninshield,* for the plaintiff.

*Cooke,* for the defendants.

WILDE, J.* Upon the facts agreed, the question is, whether the property lost was covered by the policy declared on.

The cases cited as to the computation of time have but little bearing on the present question. Those are cases where a contract was to be performed, or an act to be done, within a limited time after a day certain. In such cases, the general rule is, that the day from which the computation is to be made is to be excluded in the computation, unless it appears that a different computation was intended ; and this rule applies to cases where the computation is to be made from and after an act done on a particular day ; for a day, as was said in *Pugh v. Duke of Leeds,* Cowp. 720, is to be considered in law as an ·indivisible point of time, and there can be no distinction between a computation from an act done, and a computation from the day in which the act was done. If by this policy, therefore, the plaintiff's goods had been insured for five months from the first day of February, that day would have been excluded and the first day of July would be included. But the language of the present policy is different and is peculiar ; it being usual, in policies on time, not only to specify the day, but also the hour, when the risk is to commence. It was not so done in the present case, and the construction of the first policy, if no regard is to be had to the second policy, as explanatory of the intention of the parties as to the first, seems to depend wholly on the true meaning of the word "between." This preposition, like many other words, has various meanings ; and the question is, in what sense was it used in the present policy ? The most common use of the word is to denote an intermediate space of time or place, and the defendants' counsel contends that it was so used in the present policy, and that the first day of February and the first day of July are to be both excluded. On the other hand, the plaintiff's counsel insists that both days are to be included ; at least I so understood the argument. And we

---

* The chief justice did not sit in this case.

think it clear that both days must be included or excluded ; for there is nothing in the contract manifesting the intention of the parties to include or exclude one day rather than the other.

It is undoubtedly true that the word '' between'' is not always used to denote an intermediate space of time or place — as the plaintiff's counsel remarked. We speak of a battle between two armies, a combat, a controversy, or a suit at law between two or more parties ; but the word thus used refers to the actions of the parties, and does not denote locality or time. But if it should be said that there was a combat between two persons between two buildings, the latter word would undoubtedly refer to the intermediate space between the buildings, while the former word would denote the action of the parties. But it was argued, that the word " between"? is not always used as exclusive of the termini, when it refers to locality. Thus we speak of a road between one town and another, although the road extends from the centre of one town to the other ; and this, in common parlance, is a description sufficiently intelligible, although the road in fact penetrates each town. But if all the land between two buildings or between two other lots of land be granted, then certainly only the intermediate land between the two lots of land, or the two buildings, would pass by the grant. And we think the word " between" has the same meaning when it refers to a period of time from one day, month or year, to another. If this policy had insured the plaintiff's property to be shipped between February and the next July, it would clearly not cover any property shipped in either of those months. So we think the days mentioned in the policy are excluded. We think the word " between" has the same meaning in this respect, as the words used in the second policy. In that policy, the goods insured are to be shipped subsequently to the 14th of July, and prior to the 15th of October next following. This would be construing the contract according to the most common meaning of the word " between." And there is nothing in the contract to intimate that the word was used in any other sense

But if the language of the first policy were doubtful, the doubt, we think, would be removed by the terms of the second,

which must be presumed to have been intended by the parties to take effect immediately after the expiration of the first policy. Without, however, relying on this presumption, we are well satisfied that the goods in question, having been shipped after the 14th day of July, were not covered by the first policy.

*Plaintiff nonsuit.*