## Germantown Passenger Ry. Co. et al. v. Citizens Passenger Ry. Co., Appellant.

[Marked to be reported.]

*Street railways—Extension—" Between "—Act of March 22, 1865.*

Under the act of March 22, 1865, P. L. 568, authorizing the Citizens Passenger Railway Co. to extend its road northwardly on Tenth and Eleventh streets in Philadelphia, " between Montgomery street and the Germantown road, with the right to connect the same on any street between these two points," said company has no right, even with the consent of councils, to construct or operate an extension of its railway on Germantown road or avenue.

*Corporations—Parties—Equity—Act of June 19, 1871*

Under the act of June 19, 1871, which authorizes courts of equity to restrain by injunction injurious acts committed by corporations in the exercise of powers not conferred upon them by their charters, a street railway company has a standing as a complainant in a bill in equity to restrain another company from unlawfully laying tracks in a street already occupied by the complainant.

Argued Jan. 21, 1892.    Appeal, No. 163, July T., 1891, by defendant, from decree of C. P. No. 4, of Phila. Co., March T., 1891, No. 407, awarding injunction at suit of Germantown Pass. Ry. Co. and Peoples Pass. Ry. Co.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity to restrain laying of street railway tracks.

The bill averred that the Germantown Passenger Railway Co. was authorized by act of April 21, 1858, P. L. 494, to lay tracks on Germantown turnpike road after obtaining consent of turnpike company, which consent it obtained by purchase. The Peoples Passenger Railway Co. were lessees.    The bill prayed for injunction to restrain extension of defendant's road on Germantown avenue, as stated in preceding case.

The case was heard on bill and answer.    The court, ARNOLD, J., granted the injunction prayed for.    Defendant appealed.

*Errors assigned* were that the court erred (1) in holding that appellant was not authorized to lay any track on Germantown avenue; (2) in holding that the Germantown Passenger Railway Co. have any standing to inquire if the consent of councils had not been obtained; (3) in holding that the consent of councils had not been given to the appellant for the construction of the extension authorized by the act of March 22, 1865; (4) in granting injunction.

*John H. Sloan* and *David W. Sellers*, for appellant, as to plaintiff's standing to contest appellant's rights, cited Union Pass. Ry. v. Thirteenth & Fifteenth Sts. Pass. Ry., 2 Penny. 434.

*Charles B. McMichael*, with him *Mayer Sulzberger* and *Furman Sheppard*, for appellees, relied upon authorities cited in opinion of Supreme Court.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

This bill was filed by the Germantown Passenger Railway Co. and its lessee, The Peoples Passenger Railway Co., against appellant company to restrain it from laying any railroad track on ·and along Germantown avenue, formerly " Germantown road," from a point —— feet north of Tenth and Cumberland streets—where said Tenth street connects with said avenue, to Indiana street, a distance of about two thousand feet.

After referring to the charter of the Germantown Passenger Railway Co. and setting forth its right and that of its lessee to maintain and operate the railway heretofore constructed on said avenue and now operated under the provisions of said charter, etc., and denying that appellant company is authorized, by its charter, or any supplement thereto, or in anywise howsoever, to lay any track or tracks on and along said avenue, as it threatens to do, etc., the plaintiffs pray that defendant may be enjoined, as above stated. The case was heard on bill and answer, and the injunction, from which this appeal is taken, was awarded.

The right of The Germantown Passenger Railway Co. and its lessee to maintain and operate its railway on said avenue, as set forth in the bill, is not questioned. It is claimed however that the court below erred in holding that appellant company has no authority to lay a track on Germantown avenue;

that it has not even obtained the consent of councils to such extension of its tracks as was authorized by the act of March 22, 1865; and, lastly, that the Germantown Passenger Railway Company has no standing to inquire whether such consent of councils has been obtained or not. These are the only questions involved in the four specifications before us.

The first two questions were presented by the record in City of Philadelphia v. The Citizens Passenger Railway Company, appellant, No. 164, July Term 1891 [the preceding case]; and, in an opinion just filed in that case, we have held that the learned court committed no error in ruling both questions in favor of the appellee. It is unnecessary to repeat what is there said, as to the proper construction of the act of March 22, 1865, authorizing appellant to extend its road northwardly on Tenth and Eleventh streets, "between Montgomery street and the Germantown road (now Germantown avenue) with the right to connect the same on any street between these two points," etc. For reasons there given, we held that the extreme northerly limit of the grant is the southerly line of Germantown avenue, and consequently appellant has no right, even with the consent of councils, (which in fact it never obtained) to construct or operate an extension of its railway on Germantown avenue. To hold otherwise would violate every principle of construction, and run counter to many well considered cases which have been cited by the learned counsel for appellees.

In Endlich on Interpretation of Statutes, § 354, the learned author states the well recognized rule, for the interpretation of such charters: "Acts investing private persons or bodies for their own benefit or profit with privileges and powers, interfering with the property or rights of others, are constructed more strictly perhaps, than any other kind of enactment. . . . And when doubt arises as to the construction of the language, the maxim ordinarily applicable to the interpretation of statutes, that *verba cartarum fortius occipiunter contra proferentem*, or that words are to be understood most strongly against him who uses them, is justly applied. The benefit of the doubt is to be given to those who might be prejudiced by the exercise of the powers which the enactment grants, and against those who claim to exercise them."

The language, employed in the act under consideration, so clearly limits the right of extension, northerly, by the southerly line of Germantown avenue, that there appears to be no room for doubt. The following are some of the authorities above referred to : Rex v. Stoughton, 2 Wms. Saunders, 464, note 4; Revere v. Leonard, 1 Mass. 91; State v. Godfrey, 12 Me. 361; Atkins v. Ins. Co., 46 Mass. 439; Cook v. Gray, 6 Ind. 335; Richardson v. Ford, 14 Ill. 332; Bunce v. Reed, 16 Barb. 352; Penna. Railroad's Ap., 93 Pa. 150; Same, 115 Id. 514; Railroad v. Colwell, 39 Id. 340; Com'th v. Railroad Co., 27 Id. 353.

There is furthermore a potent reason why the legislature could not have meant to give the appellant any right to occupy the Germantown road, as it was then called. In 1865, when the act was passed, that road belonged to the Perkiomen Turnpike Co. By the terms of its charter, granted in 1858, the Germantown Passenger Railway was required to compensate and did compensate the turnpike company for the use of its road. Afterwards, about the year 1869, the city of Philadelphia succeeded to the rights of the turnpike company but that, of course, cannot injuriously affect the rights of the railway company previously acquired and paid for under the provisions of its charter. It cannot therefore be supposed that the legislature, in 1865, intended to authorize appellant company to interfere with the Germantown Passenger Railway Co., in the enjoyment of its right of way theretofore legally acquired and paid for.

There is no merit in the contention that the appellees had no standing in court to contest the right of appellant to interfere with them by occupying a part of Germantown avenue. If the act of June 19, 1871, Purd. 357, P. L. 1361, means anything, it recognizes the right of either of the appellees to be heard on the main question involved in this case. The averments contained in their bill are quite sufficient to bring them within the provisions of that act. Among other things, it is averred that the threatened acts of appellant are without authority of law, and will be a serious inconvenience and hindrance to plaintiffs in the operation of their road, and a source of annoyance and injury to them. The act provides that, in all proceedings in courts of law or equity in which it is alleged

that the rights or franchises of other corporations are injured or invaded by any corporation claiming a right to do the act from which such injury results, it shall be the duty of the court, in which such proceedings are had, to examine, inquire and ascertain whether such corporation does in fact possess the right and franchise to do such injurious act, and if such right or franchise has not been conferred upon such corporation, such courts, if exercising equitable power, shall by injunction restrain such injurious acts, etc. This act has been before us for construction, etc., in several cases, among which are, Western Penna. Railroad Co.'s Appeal, 104 Pa. 399; Penna. R. Co.'s Appeal, 115 Pa. 528.

Neither of the specifications of error is sustained, and the decree should be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by appellant.