## Williams B. Thomas *v.* Inter-County Street Railway, Appellant.

[Marked to be reported.]

*Street railways—Consent of borough council—Bribery.*

It is in effect bribery to secure the action of a public official by the promise of a reward to him as an individual, and the consent of a borough council to the use of a street railway is invalid where it appears that the company agreed to give in consideration therefor employment to the members of the council.

*Street railways—Right of abutting owner to object to construction of a railway—Municipal consent.*

An owner of property abutting on a street has a standing in equity to object to the construction of a street railway upon the street, where it appears that the railway company had obtained no valid consent to the use of the street from the municipality: Larimer St. Ry. Co. v. Railway, 137 Pa. 537, and Lockhart v. Craig St. Ry., 145 Pa. 23, distinguished.

Argued March 14, 1895. Appeal, No. 358, Jan. T., 1895, by defendant, from decree of C. P. Carbon Co., Jan. T., 1895, No. 1, granting an injunction. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to restrain the construction of a street railway on Ridge street in the borough of Lansford.

From the record it appeared that plaintiff was an owner of property abutting on Ridge street. An ordinance was passed on July 2, 1894, giving the consent of the borough to the use of Ridge street and other streets by the defendant company.

The following paper appeared in the evidence :

" Agreement. This agreement, made this Fourteenth day of June, Eighteen Hundred and Ninety-four, by which the Inter-County Street Railway Company doth agree: That should John E. Stinton, or any other member of the Borough Council of Lansford, lose their position with the Lehigh Coal and Navigation Company, in the Borough of Lansford, through the granting of the Rights of Way to the said Inter-County Street Railway Co., through and on the streets of said Borough, THE SAID RAILWAY Co. doth agree to give employment to the said parties, at a salary equal to the amount they now

average, annually. And be it further agreed, that should any of the said members of Borough Council desire to change from their present employment and fill positions of the said Electric Railway, they shall have the first choice of any position that they can possibly fill, either in the construction or operation of the road."

This is signed, "Inter-County Street Railway Company. Chas. E. Hague, Pres. Simon Friedberger, Tres. E. H. Lang, Secy." With the seal of the "Inter-County Street Railway Company, incorporated April 27, 1894."

The court entered a decree restraining the defendant from constructing its railway upon Ridge street.

*Error assigned* was above decree.

*L. W. Barringer* and *J. O. Ulrich, James Ryon* and *A. H. O'Brien* with them, for appellant.—The ordinance giving consent is probably an irrevocable license, having the effect, when accepted, as between the borough and railway company, of a contract. Such a contract is but a private contract between the borough and railway company, and subject to the same rules that govern. contracts between individuals: Elliott on Roads and Streets, 564; People v. O'Brien, 111 N. Y. 1; Com. v. Essex Co., 13 Gray, 239.

The consent of the local authorities is a franchise, and may be mortgaged, and a sale upon a decree of foreclosure will vest the franchise in the purchaser: New Orleans Spanish Fort etc. R. R. v. Delaware, 114 U. S. 501; Memphis R. R. v. Commissioners, 112 U. S. 609; People v. Brooklyn etc. Co., 89 N. Y. 75.

If the ordinance was obtained by promises to the individual members of the council, which improperly influenced their action so as to render the ordinance voidable for fraud, the borough could rescind the contract or affirm it as in other contracts: 1 Beach on Mod. Eq. Juris., p. 69.

The right to avoid the contract on the ground of fraud is a privilege conferred for the protection of the injured party, and may be waived by him if he finds it preferable to affirm the transaction and seek a remedy in damages for deceit: Hare on Contracts, 301; Pearsoll v. Chapin, 44 Pa. 9; Leaming v. Wise, 73 Pa. 173.

Assuming therefore, that the borough of Lansford could rescind the ordinance upon the ground of fraud, or affirm it at its pleasure, the complainants in this case have no standing to intervene between the borough and the railway company: Miller's App., 159 Pa. 573.

Plaintiff has no standing to interfere with the use of the street by defendant: Lockhart v. R. R., 139 Pa. 419; Rafferty v. Central Traction Co., 147 Pa. 579; Larimer St. Ry. v. Railway Co., 137 Pa. 547; Kemble v. R. R., 140 Pa. 14; Allegheny v. Millville R. R., 159 Pa. 411.

The local authorities may give their consent, as required by the act of 1889, in any manner as they ordinarily, in the usual course of their business, transact other businesses: Athens St. Ry. v. Sayre Borough, 156 Pa. 23.

After an act has been done by a corporation involving the question of the exercise of its corporate franchises no one can complain except the commonwealth: Cleveland etc. R. R. v. Speer, 56 Pa. 325; Monongahela Bridge Co. v. Kirk, 46 Pa. 130; Sparhawk v. Pass. R. R., 54 Pa. 421; Cochran v. Arnold, 58 Pa. 399; Garrett v. Dillsburg & Mechanicsburg R. R., 78 Pa. 465; Cleveland, Painesville & Ashtabula R. R. v. Erie, 27 Pa. 380; Weimer on R. R. 919.

A private individual cannot sustain a suit for forfeiture where the existence of a railroad corporation is involved; a quo warranto will not lie at the suggestion of a private relator: Weimer on Pa. R. R. Law, 831; Com. v. Phila. & Chester County R. R., 10 W. N. C. 400; Com. v. Phila., Ger. & Nor. R. R., 20 Pa. 519; Lejee v. Continental Pass. Ry., 10 Phila. 362; Weimer on Pa. R. R. Law, 831; Great Bend Road, 2 Pa. C. C. 335; Com. v. N. Y. & Lake Erie, 10 Pa. 129; Girard College Pass. Ry. v. 13th & 15th St. Ry., 7 Phila. 620; Peoples' Pass. Ry. v. Marshall St. Ry., 8 Pa. C. C. 273; Larimer Co. v. Larimer St. R. R., 137 Pa. 533; Allegheny v. Millville, Ætna & Sharpsburg Ry., 159 Pa. 411; act of May 14, 1889, P. L. 211, sec. 15; Union Street Ry. v. Hazleton & North Side Co., 154 Pa. 422; Junction Pass. Ry. v. Williamsport Pass. Ry., 154 Pa. 116.

*Fergus G. Farquhar, Loose & Craig* and *John W. Ryon* with him, for appellee.—The case of Larimer Co. v. Larimer St. Ry. Co., 137 Pa. 533, does not raise the question involved here, the

plaintiff there having been turned out of court on the ground that it had no standing in a court of equity to attack the defendant's rights, because it was not specially injured.

Plaintiff has a right to invoke the aid of the court to restrain a nuisance on the street in front of his premises : Wirth v. City Pass. Ry. Co., 2 W. N. C. 650; Penna. R. R. Co.'s App., 115 Pa. 514; Sterling's App., 111 Pa. 35; Potts v. Quaker City Elevated R. R. Co., 161 Pa. 396 ; Edgewood R. R. Co.'s App., 79 Pa. 257 ; Minnig et al. v. N. Y., Chicago & St. Louis R. R. Co., 11 W. N. C. 297; Germantown Pass. Ry. Co. v. Citizens' Pass. Ry. Co., 151 Pa. 138; Westhaeffer v. Lebanon & Annville St. Ry. Co., 35 W. N. C. 33; Harrisburg & Mechanicsburg Electric Ry. Co. v. Harrisburg, Carlisle & Chambersburg Turnpike Co., 15 C. C. R. 389.


OPINION BY MR. JUSTICE WILLIAMS, March 25, 1895 :

The first question presented by the assignments of error in this case relates to the validity of an ordinance of the borough of Lansford giving consent to the occupancy of the borough streets by the defendant's street railway.  This question has been settled during the present term by the Lehigh Coal and Navigation Company v. The Inter-County Street Railway Company, the appellant in this case.  In that case the consent of the supervisors of Rahn township to the occupancy of its public roads had been obtained by means of a contract similar to that made use of to induce the action of the councilmen of the borough of Lansford in this case.  We there held that it is in effect bribery to secure the action of a public official by the promise of a reward to be made to him as an individual; and that a court of equity cannot recognize as valid any official action induced by such rewards or the promise thereof.  The action obtained in that case, and in this, was upon a subject of importance to the citizens and taxpayers of the district.  It required deliberation and the exercise of judgment, in view of all the circumstances.  The constituents of the supervisors and the councilmen had the right to have the question considered on its merits, and determined on the best judgment of the officers authorized by law to speak for them.  What has happened is that the officers have been induced to make terms for themselves as individuals and to barter the interests of their con-

stituents for considerations personal to themselves. We follow the rule laid down in the Navigation Company's case with no doubt of its wisdom or its justice, and overrule the second and third assignments of error. The remaining assignments relate to the standing in court of the plaintiff. It is alleged that he is merely an abutting lot owner on a street on which the defendant is endeavoring to construct a street railway, and that he has no such interest in the subject as entitles him to be heard. But why not? He sees men at work in the street on which his property fronts, and in which he has the interest which a lot owner has in the highway into which his premises open. They are digging it up and laying pieces of timber and iron or steel along and upon it. He goes to them to inquire what it means and what right they have there, and he finds, as was the case here, that they have no right whatever, and that they are therefore committing a nuisance upon the highway in which he is interested. He has a right to prosecute in the Quarter Sessions or to seek to stop their operations by injunction. If they are not trespassers, but enter under a valid charter and municipal consent, then he is in no position to complain unless some special damage is sustained by him; or if without a valid charter they nevertheless have municipal consent, the same thing is true. But the proposition contained in the head notes to the Larimer Railway Case, 137 Pa. 533, is broader than the point decided. In that case a street railway company with no municipal consent and consequently with no rights whatever in the streets sought to restrain another company from constructing a street railway on certain streets in the city of Pittsburg notwithstanding the fact that the latter company had municipal consent to the occupancy of the particular streets. What was decided was, that a company to which municipal consent had been refused did not stand in a position to contest the right of a company to build, to which municipal consent had been given. The refusal to it left it without any right in the street whatever, and consequently without legal standing to contest the extent and character of the grant to its rival. Our Brother CLARK cited in support of his position the cases of Sparhawk v. The Railway Company, 54 Pa. 401. In this case a bill was filed to restrain the Union Passenger Railway Co. from running street railway cars on Sunday.

The company was lawfully incorporated. Its right on the streets was not denied; it was alleged however that the running of street cars was the pursuit of a worldly employment on the Lord's day, and therefore a violation of the Sunday law. What was held was that an act that is simply illegal, will not ordinarily be restrained except at the instance of some person who can show that he is injured by it. If the object of the plaintiff is simply to enforce a general law, he will be left to the remedy which the law itself provides for its enforcement. Lockhart et al. v. Craig St. Railway Co., 139 Pa. 419, also relied on by the appellant, is quite as far from our question as the cases just referred to. The plaintiffs were abutting lot owners who had paved the street with asphaltum at their own expense. The municipality had given consent to its use by a street railway company. The bill alleged that the street railway would impose an additional servitude on their lots, and that for the recovery of their damages, the law had made no provision. For this reason they alleged the law under which the defendant was incorporated was unconstitutional, and the company, notwithstanding its charter and municipal consent, was without corporate powers and without right in the street. The injunction prayed for by the plaintiffs was refused in the court below, and this refusal was affirmed by this court.

The street railway was an urban servitude that the city had a right to impose upon the surface of the street. The company did not possess or attempt to exercise the right of eminent domain and the plaintiffs had no claims for damages against it. They stood therefore in no position to raise the question on which they rested their right to equitable relief. But the position of the parties in this case is quite unlike that of the parties in Lockhart v. Craig Street Railway Co. The plaintiff is an abutting owner, but here the likeness ends. The defendant company is in the street in front of the plaintiff's premises without municipal consent. It and its employees are trespassers. They are disturbing the surface of the highway; committing a nuisance upon it of a permanent and, according to the general belief, of a dangerous character. An abutting owner is not debarred from proceeding in such a case because there are other lot owners on the same street who suffer in the same manner

that he does.   If the nuisance was a stable or a dwelling that was being erected in the center of the same street, and the borough authorities neglected or refused to interfere with its erection an abutting lot owner would have no trouble in reaching the ear of a chancellor.   Indeed there are cases in abundance where the building of even a projecting window has been enjoined at the instance of lot owners in the vicinity; so also with encroachments upon, and obstructions in the way of the unrestricted use of, public alleys and ways of all sorts.   The plaintiff has what may be called a general interest in the streets as a citizen, and he has a special interest in this street as an abutting owner who must use it as a means of access to his property.   He has therefore a right to object to its obstruction by a mere wrongdoer.   None of the assignments of error are sustained and the decree is affirmed at the costs of the appellant.