The Pennsylvania Railroad Company, Appellant, *v.* The Turtle Creek Valley Electric Railway Company and the Second Avenue Traction Company.

*Street railways—Line through several municipalities—Consent of all local authorities.*

A corporation authorized to build a street railway through several municipalities has no right to enter upon the construction of its railway in any one municipality until it has obtained the necessary local consent of all of them.

*Street railways—Equity—Scope of decree.*

Where a plaintiff files a bill to restrain the construction of a street railway through a particular street and upon a bridge in a designated borough, and the court enjoins the construction of the railway on the street and bridge designated, and refuses to enjoin its construction at other points not the subject of any particular averment or prayer for ruling, the plaintiff has no cause to complain that the decree is too limited in its scope, and in such a case, if other trespasses should be committed or threatened by the street railway company, appropriate application may be made to the court for such other relief as may be needed.

Argued Nov. 6, 1896. Appeal, No. 201, Oct. T., 1896, by plaintiff, from decree of C. P. No. 3, Allegheny County, Aug. T., 1895, No. 161, on bill in equity. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an injunction.

The bill averred that, without the plaintiff's consent, the defendants proposed to construct a line of railway upon Bridge street, in the borough of Wilmerding, upon ground owned in fee simple by the plaintiff, and to cross a portion of plaintiff's railroad, known as Wilmerding Branch, at grade, and to cross the main line of plaintiff's road in said borough upon an overhead bridge which was built, and has been, and is, maintained by plaintiff at its own expense; and further, that the defendants had no right to construct a railway on said bridge without plaintiff's consent, and that such construction would endanger the safety of said bridge, and add greatly to the expense of maintaining it.

The bill further averred that the defendants proposed to construct their road, beginning at a point on the Pittsburg and Greenburg Turnpike in the village of Turtle Creek, Allegheny county, Pa., at or near the bridge over Thompson's run, thence southeastwardly along said turnpike to its intersection with a street known as Air Brake avenue, in the East Pittsburg Improvement Company's plan of the first addition to Wilmerding, thence along said avenue to Bridge street, thence along Bridge street to its intersection with the township road, thence along said township road eastward to a point opposite Moss Side station on the Pennsylvania Railroad, and returning by same route to Bridge street, thence continuing westward along said township road to Fifth street in said plan of Wilmerding, thence along said Fifth street to said Air Brake avenue, and thence westward along said Air Brake avenue and said Pittsburg and Greensburg Turnpike by route hereinbefore described, to the place of beginning, the same forming one continuous circuit; and that the defendants had not obtained the necessary consent of all the above-named municipalities.

The prayers of the bill were as follows:

First. That the defendants, their agents, servants and employees, by preliminary injunction, to be made perpetual upon final hearing, may be enjoined from constructing their said railway and wires and other appliances for the transmission of electricity, upon or across the property and railroad tracks of plaintiff, and from the operation of the same by the propulsion of cars thereon.

Second. That if the court shall be of the opinion that the defendants have the right to make a crossing of plaintiff's main line and branch in Wilmerding borough in any manner, your honors will by your decree prescribe the place where, and the manner in which, such crossing may be made and used, and what precautions and provisions shall be observed to best protect life and property, and at whose expense, and the compensation to be paid to plaintiff for the use of the bridge referred to in paragraph fourth.

Third. For such further and other relief as the circumstances may require, and to the court shall seem meet.

Plaintiff submitted a form of decree enjoining the construction of defendants' railway, not only in Wilmerding borough,

but, also on many of the streets and roads in other boroughs and townships through which its route passed.

KENNEDY, J., filed the following opinion :

The purpose of this bill is to have the defendant companies enjoined from constructing their railway across the property and railroad tracks of the plaintiff and operating their cars thereon.   Many findings of facts have been asked for by the counsel of the respective parties, only a few, however, seem to be necessary to sustain the view of the case taken by the court as will appear hereafter.

The plaintiff is a railroad company duly incorporated with authority to construct and operate its railway, a part of which is located in and through the boroughs of East Pittsburg, Turtle Creek, Wilmerding, Pitcairn and the township of Patton, in Allegheny county, and in pursuance of such authority has constructed and is operating its railway.   The defendant, the Turtle Creek Valley Electric Railway Company, is a corporation organized under an act of assembly, approved May 14, 1889, and the other defendant, the Second Avenue Traction Company, is a corporation organized under an act of assembly, approved March 22, 1887.

The route of the defendant, the Turtle Creek Valley Electric Railway Company, as shown by articles of association and resolutions of extensions, commences on the western line of the borough of East Pittsburg, and extends in an easterly direction through said borough and the boroughs of Turtle Creek, Wilmerding and Pitcairn and Patton township, to a point opposite Moss Side station on the Pennsylvania railroad.

At the date of the incorporation of the said "The Turtle Creek Valley Electric Railway Company" no portion of its route was located in any boroughs except that portion located in the borough of Wilmerding, but subsequently the borough of East Pittsburg was incorporated out of portions of Wilkins and Braddock townships, the borough of Turtle Creek out of portions of Wilkins and Patton townships, and the borough of Pitcairn out of a portion of Patton township.

The defendant, The Second Avenue Traction Company, is at present operating its cars on so much of the route of the railway of the Turtle Creek Valley Electric Railway Company as

has been constructed, to wit : In the boroughs of Turtle Creek and Wilmerding, such construction having all been made or done since the filing of the bill in this case.

The municipal assents of the boroughs of Wilmerding and Turtle Creek were duly obtained to the construction of its line within said boroughs by the said, The Turtle Creek Valley Electric Railway Company. The municipal assents of the boroughs of East Pittsburg and Pitcairn were never obtained to the construction of its line within said boroughs by the said The Turtle Creek Valley Electric Railway Company, nor were the proper municipal assents of the townships of Wilkins, Braddock and Patton, or either of them, to the construction of its line in said townships, or either of them, by said company obtained.

The plaintiff is the owner in fee simple of land abutting on the line of the railway of the said The Turtle Creek Valley Electric Railway Company in the boroughs of Turtle Creek, Wilmerding and Pitcairn, and the township of Patton, and has never given its assent to the building of any portion of said railway. And included in the land, of which it is the owner in fee simple as herein stated, is land abutting on the line of that portion of said railway, the construction and operation of which is sought to be enjoined by this bill.

In the view which the court takes of this case, there are two paramount questions involved : (1) the defendant, The Turtle Creek Valley Electric Railway Company, having failed to obtain the consent of the terminal municipalities through which its route or line passes as described in its articles of associations and resolutions of extensions, has it power to enter upon and complete the construction of its proposed line on that portion of its route which passes through the intermediate municipalities whose consent it has secured, and if not, (2) has the plaintiff any interest which entitles it to object, and standing to maintain this bill?

First. The first of these questions must be answered in the negative, for it was settled in Pennsylvania Railroad v. Montgomery County Passenger Ry., 167 Pa. 62, that a passenger railroad company organized under the act of 1889 can have no right to begin the building of its road until it has secured the proper consent of all the municipalities through which its proposed route passes.

Second. While according to the authorities, abutting owners in a borough have no status to object to the building of a passenger railway when there has been compliance with the statutory requirements, an unlawful exercise of authority stands upon a different footing, and will be restrained at their instance; for as already seen, the railway and its employees are in such cases mere trespassers and wrongdoers: Thomas v. Inter-County St. Ry., 167 Pa. 120. The plaintiff is within the principle of this case. It has, like any other property owner, what may be called a general interest in the streets, and a special interest in this particular street, as a means of access to its abutting property, and therefore a right to object to defendant's wrongful obstruction. The conclusion is that the injunction as prayed for in the bill must be granted, viz: prohibiting the construction and operation by the defendants of a line of railway upon Bridge street in the borough of Wilmerding, crossing Wilmerding branch of plaintiff at grade and its main line upon an overhead bridge, that being the objective point aimed at in this bill.

Let a decree be drawn accordingly.

### DECREE.

And now, to wit: June 23, 1896, this cause came on to be heard on final hearing on bill, answer and proofs at this term, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, viz:

That the defendants, the Turtle Creek Valley Electric Railway Company, and the Second Avenue Traction Company, their officers, servants, agents, and employees be and are hereby perpetually enjoined and restrained from constructing their street railway and wires and other appliances for the transmission of electricity, upon and across the property and railroad track of the plaintiff, and from the operation of said railway by the propulsion of cars thereover on a certain street or road known as Bridge street in the borough of Wilmerding, crossing the plaintiff's Wilmerding branch at grade, and its main line upon an overhead bridge, as prayed for in plaintiff's bill—and that the costs of this case be paid by the defendants.

*Error assigned* among others was (1) in not entering the decree suggested by plaintiff.

*George B. Gordon*, with him *William Scott*, for appellant.—
It would seem to be too plain for argument (if the question is
raised by the bill in this case), that the plaintiff is entitled to
an injunction at all points where it is an abutting property
owner on streets sought to be occupied by the defendant com-
panies : Act of May 14, 1889, p. 217 ; P. R. R. v. Montg. Co.
Pass. Ry., 167 Pa. 62 ; Lehigh Coal & Navigation Co. v. Inter-
County St. Ry., 167 Pa. 75 ; Pa. R. R. v. Greensburg, etc., Ry.,
176 Pa. 559.

The plaintiff company, being the owner in these boroughs
and townships of property abutting upon the streets where this
railway is being illegally constructed, has a standing to prevent
the trespass upon the streets and obtain an injunction against
the same : Thomas v. Inter-County St. Ry., 167 Pa. 120 ; Penna.
R. R. Co.'s App., 115 Pa. 529 ; Wirth v. Phila. Pass. Ry., 2
W. N. C. 650 ; McCandless' App., 70 Pa. 210 ; Sterling's App.,
111 Pa. 35 ; Northern Cent. Ry. v. Harrisburg, etc., Ry., 39
W. N. C. 82 ; R. R. v. Reading Paper Mills, 149 Pa. 18 ; P., F. W.
& C. Ry. v. Peet, 152 Pa. 488 ; Western U. Tel. Co. v. Wil-
liams, 86 Va. 696 ; Bloomfield, etc., Gas Light Co. v. Calkins,
62 N. Y. 386 ; Cooley's Const. Lim. (ed. 1890), 683 ; Com. v.
R. R., 27 Pa. 339 ; Johnston v. Callery, 173 Pa. 129.

Under the pleadings in this case the plaintiff is clearly en-
titled to relief, not only at the point of crossing of its branch
and main line, but at all points where the railway is constructed
upon its property, or upon the street in front thereof.    At all
events, and under any construction that may be placed upon
the first prayer for relief, the plaintiff is clearly entitled to an
injunction under the third prayer, being that for general re-
lief : 1 Daniel's Chancery Prac., 380 ; Del. & Hudson Canal Co.
v. Penna. Coal Co., 21 Pa. 146 ; Slemmer's App., 58 Pa. 155 ;
Passyunk B. Assn.'s App., 83 Pa. 441 ; P. R. R. Co.'s App., 115
Pa. 514 ; Blood v. Savings and Loan Co., 164 Pa. 95 ; Maguire
v. Heraty, 163 Pa. 381 ; Clark v. Martin, 49 Pa. 289.

*George C. Wilson*, with him *Wm. D. Evans*, for appellee.

OPINION BY MR. JUSTICE WILLIAMS, January 4, 1897 :
The charter of the Turtle Creek Electric Railway Company
authorized the building of a street railway with a circuit six or

more miles in length. The route described passed through several boroughs and one township. The authority conferred by the charter was subject to the action of the boroughs and townships whose highways it was proposed to occupy. Until the consent of each and all of these had been duly obtained the company had no right to enter upon the construction of its line of railway or any part of it, and any attempt to do so could be restrained or punished as circumstances might seem to require. The completion of any part of its line without having obtained the necessary local consent of all the municipalities affected would have been an unauthorized occupancy of the public streets by their tracks, and such occupancy could have been summarily ended at the instance of the public officers, or of any person having a standing to object. Municipal consent to a line of street railway connecting a given municipality with other towns or cities is to be understood as limited to the construction of the line proposed, and it would not justify the company to which it was given, in building and operating a local road within the boundaries of that municipality. This was distinctly said in Penn. Railroad Company v. Montgomery County Passenger Railway Co., 167 Pa. 62. The projected road is a unit. It cannot be cut up into fragments by the corporation for its own advantage, and at its own pleasure. When this is attempted the company and its employees become trespassers and may be treated as such: Thomas v. Inter-County Street Railway, 167 Pa. 120. These principles were clearly stated and applied by the learned judge of the court below in this case, and in accordance with them the injunction prayed for was granted. What is now complained of is that the decree was not so comprehensive as the plaintiff thinks it should have been. We have no doubt the decree would have been more comprehensive if the bill had been drawn with a fuller knowledge of the situation; but the learned judge was impressed with the belief that the main purpose of the proceeding was the protection of the plaintiff's property in the borough of Wilmerding, and its Wilmerding branch of its main line of railroad, and he directed his attention to this subject and made the restraining order necessary to extend the desired protection. The findings of fact and of law and the decree resting on them do not affirm the legality of any single act of the defendants in relation to

the construction or operation of their road, but enjoins against the threatened trespasses upon the property of the plaintiff, against which relief was prayed for. If other trespasses should be attempted by the defendant, or if work should be attempted in any of the municipalities through which the chartered line of the defendants extends, an appropriate application can be made to the court below at any time for such further relief as may be needed.

This company has no right to build or operate its road in fragments, and if this should be attempted under the provisions of its charter, without the consent of all the municipalities affected, the decree of the court would not stand in the way. It adjudicates no more than is embraced within its terms and the findings upon which it stands.

In what the learned judge did he was clearly right. In what he declined to do he put his declination upon the scope of the bill, and not upon any legal rights of the defendants. He covered by his decree only that which he thought to be within "the purpose of the bill." All else he left untouched.

The decree is affirmed. The costs of this appeal to be paid by the appellant.