215    597
32 SC ¹594

# Edwards, Appellant, *v.* Pittsburg Junction Railroad Company.

*Railroads—Tracks on streets—Condition—Breach of condition—Rights of private owner—Act of June 19, 1871, P. L. 1360.*

A railroad company occupying a public street without authority by legislative grant in clear words or by unavoidable implication, constitutes a public nuisance and may be enjoined at the suit of a private citizen specially injured.

Municipal consent to the occupation of the streets of a municipality by a railroad company upon condition, and the condition broken, is no consent at all.

When a citizen finds his property or his rights in danger of being injured or invaded by the acts of a corporation, the Act of June 19, 1871, P. L. 1360, gives him the right without waiting for the assistance of the commonwealth, to challenge the authority of the corporation to the possession of "the right or franchise to do the act from which such alleged injury to private rights results." The corporation thus challenged must show its authority, and if such authority fails at any point, the defense fails. The language of the charter is not the sole test of the validity of the acts complained of.

Where a railroad company lays its tracks on streets under an ordinance of the city, which expressly provides that the company shall not use the steam whistle as a signal, and that it shall not use bituminous coal as fuel for its locomotives, and the company violates both conditions of the consent, an owner of adjoining land may under the Act of June 19, 1871, P. L. 1360, maintain a bill in equity to restrain the railroad company from the use of the whistle as a signal, and from the use of bituminous coal as a fuel for its locomotives. In such a case the complainant's action is not to enforce the ordinance, but to prevent an unlawful course of conduct injurious to the owner's private property rights.

Argued March 14, 1906. Appeal, No. 177, Oct. T., 1905, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1903, No. 135, dismissing bill in equity in case of Eliza Thaw Edwards v. Pittsburg Junction Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Bill in equity for an injunction.

The plaintiff, who was the owner of a tract of land in the city of Pittsburg, containing about eight acres on which was erected a three-story brick mansion house, occupied continuously for thirty years by the plaintiff and her family, complained that the defendant company entered into the city of Pittsburg with its railroad adjacent to the plaintiff's property (after the plaintiff had acquired her property) under an ordinance of the city of Pittsburg, which made it the express condition of such occupancy that the defendant should not use its locomotive steam whistles as signals, and that bituminous coal should not be used for fuel on locomotives on the route. Plaintiff represented among other things that the defendant company did use bituminous coal for fuel in the running of its locomotives and

lines of freight to such an extent as to constantly emit great clouds of dense black smoke or soot, and signaled the running of its trains by loud and shrill whistles at all hours of the day and night; that the smoke and soot so emitted penetrated into the property and residence of the plaintiff to the great injury and depreciation thereof, and the discomfort, annoyance and injury to the health of the plaintiff and her family; and that the constant whistling of the steam whistles disturbed the sleep, quiet and comfort of her family and herself, and was annoying and greatly to the prejudice of their health and comfort; that the injury to the property has continued and is constantly depreciating the desirability of the same for residences and the value of the same for sale, should she desire to sell it, and that the health and enjoyment and comfort of her home has been seriously menaced and affected by the said grievances, and will continue to be so so long as the defendant company continue the grievances complained of.

Plaintiff prayed that the defendant company be enjoined and restrained from using upon its locomotives upon the route of its railroad bituminous coal as fuel, and that the defendant company be enjoined from permitting signaling by steam whistles, or the pulling of steam whistles by its locomotives while upon, standing upon or traversing the route aforesaid, and for other relief.

Defendant filed an answer, and testimony was taken before SHAFER, J., who after argument entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*Schoyer & Hunter*, for appellant.—The condition in the ordinance that non-smoke-producing fuel should be used in the operation of its road, that steam whistles should not be used as signals, are conditions precedent in the occupation and use of the highways, the breach of which left the defendant without authority to occupy or use any portion of the streets: Courtney v. Keller, 4 Pennypacker, 38; Vanhorne v. Dorrance, 2 Dall. 317; Parmelee v. R. R., 6 N. Y. 74; Eckert v. Federal St., etc., Pass. Ry. Co., 27 P. L. J. 202; Price v. Grantz, 118 Pa. 402; Baltimore, etc., R. R. Co. v. Fifth Baptist Church,

108 U. S. 317 (2 Sup. Ct. Repr. 719); Reimer's App., 12 W. N. C. 381; Potts v. R. R. Co., 161 Pa. 396; Hussner v. R. R. Co., 114 N. Y. 433 (21 N. E. Repr. 1002); Lahr v. Ry. Co., 104 N. Y. 268 (10 N. E. Repr. 528); Adler v. R. R. Co., 138 N. Y. 173 (33 N. E. Repr. 935); Abendroth v. Ry. Co., 122 N. Y. 1 (25 N. E. Repr. 496).

If the conditions referred to are conditions subsequent, then upon the breach, such conditions become effective and the continuing use of the highways in violation of such conditions subsequent, is a public nuisance : Com. v. Stauffer, 10 Pa. 350.

The plaintiff is entitled to assert the breach of the condition although the right of re-entry is not reserved : Gray v. Blanchard, 25 Mass. 284; Thomas v. Record, 47 Me. 500; Osgood v. Abbott, 58 Me. 73.

If the ordinance and its acceptance constituted a contract, then such contract was for the benefit of owners of property in that locality, and they can enforce it : Phila. & Reading R. R. Co. v. Ervin, 89 Pa. 71; Hayes v. R. R. Co., 111 U. S. 228 (4 Sup. Ct. Repr. 369); Taylor v. R. R. Co., 45 Mich. 74 (7 N. W. Repr. 728); Osborne v. McMasters, 40 Minn. 103 (41 N. W. Repr. 543); Griswold v. Brega, 160 Ill. 490 (43 N. E. Repr. 864); Aldrich v. Howard, 7 R. I. 199; Kaufman v. Stein, 138 Ind. 49 (37 N. E. Repr. 333); Natl. Bank v. Sarlls, 129 Ind. 201 (28 N. E. Repr. 434); Fields v. Stokley, 99 Pa. 306; Smith v. Lockwood, 13 Barber, 209; Hannum v. Ry. Co., 200 Pa. 44.

The city had the right to annex conditions to the grant, and the railroad company, having accepted and agreed to such conditions, cannot now claim they are invalid : Allegheny v. Nat. Gas & Pipeage Co., 172 Pa. 632; Phila. v. Passenger Ry. Co., 143 Pa. 444; Allegheny v. Ry. Co., 159 Pa. 411.

The Act of June 19, 1871, P. L. 1360, enlarged the existing equitable jurisdiction, and enabled the plaintiff to maintain her bill, irrespective of the fact that the nuisance is public, and that the ordinance prescribed a money penalty : Hopkins v. Mfg. Co., 180 Pa. 199; Barker v. Steel Co., 129 Pa. 551; Germantown Pass. Ry. Co. v. Citizens Pass. Ry. Co., 151 Pa. 138; Philadelphia v. River Front Ry. Co., 173 Pa. 334; Penna. R. R. Co.'s App., 115 Pa. 514; Groff's App., 128 Pa. 621; Western Penna. R. R. Co.'s App., 104 Pa. 399.

Plaintiff has sustained such irreparable injury to her prop-

erty as entitles her to an injunction, irrespective of the public right to abate the nuisance : Penna. R. R. Co. v. Angel, 41 N. J. Eq. 316 (7 Atl. Repr. 432) ; Flynn v. Taylor, 127 N. Y. 596 (28 N. E. Repr. 418).

*Johns McCleave*, with him *John S. Wendt*, for appellee.— Whether the ordinance in question be regarded as an assent of the city to the occupancy of its streets upon the terms and conditions mentioned therein or as a contract, it is manifest from the language of said ordinance that a violation of the terms forbidding the use of bituminous coal as fuel and the use of the steam whistle, does not ipso facto annul the right of the railroad company to maintain and operate its railroad or make the same a public nuisance : Atkinson v. Water Works Co., L. R. 2 Exchequer Div. 441.

The plaintiff cannot obtain relief by virtue of the city ordinance or anything therein contained, for the reason that the city ordinance does not and cannot create a civil duty towards the plaintiff or create a civil right as against the defendant in the plaintiff: Phila. & Reading R. R. Co. v. Ervin, 89 Pa. 71 ; Davidson v. Traction Co., 4 Pa. Superior Ct. 86 ; Millcreek Twp. v. Rapid Transit Co., 209 Pa. 300 ; Heeney v. Sprague, 11 R. I. 456 ; Taylor v. Dunn, 80 Texas, 652 (16 S. W. Repr. 732).

Since the year 1900, the city of Pittsburg has acquiesced in the operation of the defendant's railroad in violation of the terms of the ordinance aforesaid : Potter v. Scranton Traction Co., 176 Pa. 271 ; Knight v. R. R. Co., 70 Mo. 231 ; Hovelman v. R. R. Co., 79 Mo. 632 ; Philadelphia v. Bowman, 175 Pa. 91.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 27, 1906 :

The substantial question in this case is one of remedy. On the admitted facts it is beyond dispute that the defendant is acting without legal authority. It entered upon and occupied with its tracks the streets adjacent to the plaintiff's property by the consent of the councils of the city of Pittsburg expressed in an ordinance passed November 30, 1881. The consent as shown by the ordinance was given on the clearly expressed and continuing conditions, inter alia, " that the said

company shall not use the steam whistle as a signal " and " that bituminous coal shall not be used for fuel in locomotives of said road, but that coke or other non-smoke-producing fuel shall be used." It was found by the court below as a fact that both these conditions had for several years past been disregarded by the defendant. If therefore a bill had been filed by the city of Pittsburg either under its right to rescind expressly reserved in the ordinance, or its general right for condition broken there would be no defense. The question is whether the plaintiff as a private citizen has standing to maintain this bill.

A railroad company occupying a public street without authority by legislative grant in clear words or by unavoidable implication constitutes a public nuisance and may be enjoined at the suit of a private citizen specially injured : Penna. R. R. Co.'s Appeal, 115 Pa. 514. On this principle a railway company already occupying a street may question the right of another company seeking to put its tracks on the same street : Germantown Pass. Ry. Co. v. Citizens' Pass. Ry. Co., 151 Pa. 138. An abutting landowner may enjoin the construction of a street railway where the right of way has not been fully acquired : Penna. R. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62. Or where the proposed line passes through several municipalities and all have not granted consent : Penna. R. R. Co. v. Electric Ry. Co., 179 Pa. 584; Hannum v. Ry. Co., 200 Pa. 44.

These authorities establish that except for the ordinance giving the consent of the city of Pittsburg, the acts of the defendant company would constitute a public nuisance which the complainant or any other citizen specially injured could require to be abated. But a consent upon condition, and the condition broken, is no consent at all. The breach makes the continued use as unlawful as if the condition had never been performed at all.

It is strongly urged that as the condition was made by the city of Pittsburg, and may be repealed or waived by the city, it alone can take advantage of the breach. Regarded as a contract or agreement between the railroad company and the city, this may be conceded, and it may for present purposes be further conceded that a private citizen cannot in his individual

right sue to enforce a public ordinance. But that is not the underlying and substantial purpose of the present bill. The complainant's action is not to enforce the ordinance but to prevent an unlawful course of conduct injurious to her private property rights. This she is entitled to do under the Act of June 19, 1871, P. L. 1360. If the consent of the city had never been given the cases above cited show that the complainant could raise this objection and it must prevail. But as already said, consent on condition and condition unperformed or broken is no longer a valid consent. When a citizen finds his property or his rights in danger of being injured or invaded by the acts of a corporation the act of 1871 gives him the right, without waiting for the assistance of the commonwealth, to challenge the authority of the corporation to the possession of " the right or franchise to do the act from which such alleged injury to private rights results." The corporation thus challenged must show its authority, and if such authority fails at any point the defense fails. What the plaintiff complains of is a want of authority to do the thing complained of, and complete present existing authority must be shown to support the right asserted: Germantown Pass. Ry. Co. v. Citizens' Pass. Ry. Co., 151 Pa. 138.

In some of the earlier cases effort was made to stretch the act to confer on private parties the authority previously exercised by the commonwealth to inquire into the abandonment or forfeiture of franchises, but it was held that the act did not confer on the individual the general authority of the commonwealth but that under it the inquiry must be restricted to the existence of franchises as shown by the charter: Western Penna. R. R. Co.'s Appeal, 104 Pa. 399. Hence the terms of the grant in the charter were usually spoken of as the test of the validity of the corporation's action, and so far as the grant is concerned that is still as it always has been, the conclusive test. But it was never decided or intended to be that the failure of the grant could not be shown either from the charter itself or aliunde. Thus in the case last cited it was held that the complainant might show from the charter that the franchise had lapsed or expired, and the cases on passenger railways cited supra rest on proof outside of the charter that other legal requirements for the validity of the challenged action were want-

ing. The language of the charter therefore is not the sole test of the validity of the acts complained of. The purpose of the act of 1871 was to enable individuals to protect their private property and rights against unlawful and unauthorized interference by corporate action directly and without the necessity of invoking the aid of the commonwealth. The injury to the complainant is the same whether the illegality or want of authority arises from the charter or otherwise. What he challenges is the existence of present lawful authority to do the thing that injures him, and to that end he may avail himself of any defect in the authority set up, however arising.

The right of the complainant in the present case, therefore, does not rest on any claim to enforce the ordinance of the city of Pittsburg. But the ordinance is an existing fact material to the validity of the defendant's action which without it would be a public nuisance enjoinable on the suit of anyone specially injured. If complainant could have shown that the ordinance had been repealed the whole defense would have failed. By showing that the ordinance though not repealed granted a privilege only on condition, and that the condition has been broken, complainant shows that the defendant's action is without a present complete legal justification. For the purposes of this suit that is all that is necessary.

The city of Pittsburg is not interested in the present question. It may modify or altogether repeal the conditions of its consent in the ordinance. If it should do so the status of complainant in the present suit would be changed, but there would still remain the question of her right to damages at law, and perhaps other questions which we need not consider now.

The decree is reversed at the costs of the appellee, and the injunction directed to be awarded as prayed.