# Breen *v.* Pittsburg, Harmony, Butler & New Castle Railway Company, Appellant.

*Street railways—Boroughs—Borough consent—Location of tracks—Sidewalk—Right of abutting owner—Equity.*

An owner of property abutting on a street has a standing to maintain a bill in equity to restrain a street railway company from laying its tracks on a sidewalk in front of his premises where the borough ordinance merely gave to the railway company the right to use the street, together "with the right to construct such switches, curves, crossovers and turnouts as are necessary for the operation of its railway,"

without any grant of a right to use the sidewalk and when there is an invasion of the property of an abutting owner by making a cut of two or three feet in length below established grade and extending into complainants' property used as a sidewalk over eight feet.

Argued March 24, 1908. Appeal, No. 28, Oct. T., 1908, by defendant, from decree of C. P. Lawrence Co., Dec. T., 1907, No. 2, In Equity continuing preliminary injunction in case of Richard Breen et al. v. Pittsburg, Harmony, Butler & New Castle Railway Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for an injunction.

WILLIAM E. PORTER, P. J., filed an opinion in which he stated the facts as follows:

The plaintiffs own land forty feet wide fronting on Taylor street in the city of New Castle. The defendant has the right to construct a street railway upon said street. It appears that in constructing a street railway upon the street the defendant has made an excavation beginning at a point on the curb line about thirty feet east of the west line of the plaintiffs' property and running thence westward diagonally across the space between the curb line and the property line until at the west line of plaintiffs' property the excavation extends toward the property line a distance of about eight and a half feet from the curb line and to within about eighteen inches of the property line.

Taylor street is fifty feet wide and by ordinance No. 997 the width of all sidewalks between the property line and the curb line is fixed at one-fifth of the width of the street. The width of the sidewalks on Taylor street are, therefore, ten feet.

The sidewalk or space between the property line and the curb line has never been paved in front of the plaintiffs' property. Just west of plaintiffs' property is a forty foot lot upon which defendant has the right to construct its railway, and just west of this lot is Neal street upon which the defendant has the consent of the city to build its street railway.

Crossing Neal street at its intersection with Taylor street and running thence westward diagonally across Taylor street in front of the forty foot lot above-mentioned as well as that of the plaintiffs, are the tracks of a steam railroad. The angle

at which the steam railroad tracks cross Taylor street appear to be such that the defendant company cannot construct its line onto the lot next to Neal street and give a proper clearance without building upon the ground between the curb line and the property line in front of the plaintiffs' property.

A municipality may consent to the construction of a street railway upon the sidewalk as well as any other part of the street or, as held in McDevitt et al. v. Gas Co., 160 Pa. 367, and Provost v. Water Co., 162 Pa. 275. A municipality has the same control over the sidewalk that it has over the carriage way of the street.

But has the city of New Castle ever consented, authorized or directed the construction of a street railway by the defendant company between the curb line and the property line in front of plaintiffs' property ? It is true that by ordinance No. 1973, the city granted the right to the P., H., B. & N. C. street railway company to construct its line of street railway " along Taylor street to Neal street" and in the absence of any qualification or other ordinance the defendant would have the right to construct its line of tracks where the excavation has been made.

But in the ordinance granting the right to the defendant company to construct its lines of railway upon Taylor street it is provided that the rights therein granted are " given subject to the conditions, provisions and stipulations contained in Ordinance No. 1364 of said City " known as the general street railway ordinance.

The general street railway ordinance provides, inter alia, " Sec. 3. Single lines of track shall be laid in the center of the street unless otherwise directed or authorized by Councils. Where double lines of track are laid, they shall be placed as close together as practicable, and each shall be equally distant from the center of the street, reserving, however, to Councils, the right to make any modification of these provisions which they may deem proper " etc.   ₊

" Section 4. The said Company shall have the right to construct such switches, curves, cross overs and turnouts as are necessary for the operation of its railway, subject, however, to the control of the councils as to the location of switches and turnouts."

There does not appear in this case any direction or authority of councils to lay the tracks other than as provided in the general street railway ordinance, and until councils shall have given such direction or authority we must sustain the contention of the plaintiffs to the extent at least of directing that the case shall proceed to final hearing.

It is true that where an ordinance requires that a street railway shall be constructed in the center of a street such a provision should not be construed strictly, but means that the middle of the street rather than the sides thereof is to be occupied : 3 Weimer's Railroad Law, 473.

Now, October 15, 1907, the motion to dissolve the preliminary injunction is overruled and case directed to be proceeded in to final hearing.

*Error assigned* was the decree of the court.

J. *Norman Martin,* with him *Walter Lyon,* for appellant. —The separation of the sidewalk from the cartway by a line of curbing is for the security of that part of the public that passes along the street on foot and for no other purpose. "The municipality has the same control over the sidewalks that it has over the cartways :" Livingston v. Wolf, 136 Pa. 519 ; McDevitt v. Gas Co., 160 Pa. 367 ; Provost v. Water Co., 162 Pa. 275 ; Rafferty v. Central Traction Co., 147 Pa. 579.

*Robert K. Aiken,* with him *James J. Igoe,* for appellees.— A street car is a vehicle or carriage and its proper place is in the cartway with other vehicles and carriages and not on the sidewalk ; the cartway being for vehicles and the sidewalk for footmen and it is with this understanding and meaning that the word "street" is used in the ordinances : Shady Avenue, 34 Pa. Superior Ct. 327 ; Com. v. Forrest, 170 Pa. 40 ; Reimer's App., 100 Pa. 182 ; Bridgewater Borough v. Traction Co., 214 Pa. 343.

The plaintiffs have and will sustain special injury and damage by the construction and operation of the railway on the sidewalk and, therefore, they are entitled to the remedy by injunction : Thomas v. Inter-County St. Ry. Co., 167 Pa. 120 ; Edwards v. Pittsburg Junction R. R. Co., 215 Pa. 597.

OPINION BY MR. JUSTICE ELKIN, April 20, 1908:

If the only question involved in this case was the compliance of the street railway company with the ordinance under which it was constructing its lines on certain streets in the city of New Castle, it is clear complainants would have no standing to ask the intervention of a court of equity. Under the powers of its charter, and with the consent of the municipality, the appellant company enjoyed the right to construct its lines upon the designated streets without compensation to abutting property owners, and such construction, not being an additional servitude on land already dedicated to street purposes, is not the taking of private property within the meaning of the rule which entitles a person who has sustained a special injury to seek redress in equity. If the tracks of the respondent company had been laid in the street proper, that is to say, in the cartway between the curb lines, as clearly intended by the ordinance, the city alone could raise the question of compliance with its provisions: Rafferty v. Traction Co., 147 Pa. 579 ; Provost v. Water Co., 162 Pa. 575. It is earnestly contended that the ordinance did authorize what was attempted to be done in the present case by giving the right to construct such switches, curves, crossovers and turnouts as are necessary for the operation of the railway. These words must be read and understood in connection with the subject-matter of the grant, which was to construct the railway upon the street, and not upon the sidewalk, and the switches, curves, crossovers and turnouts authorized to be constructed are such as may be necessary to the operation of the railway in the street proper between the curb lines. We therefore hold that the ordinance did not give the right to construct the railway by a curved line over the sidewalk and through the property of the complainants, and that the attempt to do so by making a cut from two and one-half to three feet in depth, and extending into the property of the complainants set apart as a sidewalk at one point eight and one-half feet, is such an invasion of their property rights without lawful authority as equity will enjoin : Thomas v. Ry. Co., 167 Pa. 120.

Decree affirmed at cost of appellant.