194  539
26 SC  163

# Frank S. Wheeler and Winfield S. Boody, trading as Wheeler & Boody, Appellants, *v.* Pennsylvania Railroad Company.

*Street railways—Consent of municipal authorities.*

A street railway company which has not obtained the consent of all of the municipalities through which it proposes to build its line, has no power to authorize contractors to make excavations in a borough which has consented ; and if such contractors are forcibly prevented by a business corporation having a right in that locality, in the nature of either an easement or an ownership in the land, from making such excavations, the contractors, being trespassers, have no right of action against such corporation.

Argued Jan. 15, 1900. Appeal, No. 295, Jan. T., 1899, by plaintiffs, from order of C. P. No. 2, Phila. Co., June T., 1897, No. 544, refusing to take off nonsuit. Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for an alleged wrongful interference with plaintiffs' work as contractors.

At the trial it appeared that plaintiffs were contractors for the East Penn Traction Company, and as such had a contract to dig a trench in the borough of Morrisville, which borough had consented to the excavation. It appeared that the route of the traction company extended through several townships and boroughs, and there was no evidence that any of the municipalities except Morrisdale had consented to the construction of the road. The defendant sent a force of men to the place where the excavation was being made and stopped the work and filled up the trenches. The court, WILTBANK, J., granted a compulsory nonsuit, delivering orally this opinion at bar:

For the purpose of determining the questions presented, it may be assumed that the plaintiffs were employed by the East Penn Traction Company, and that the East Penn Traction Company was a corporation. If it was a corporation, there having been made -manifest no special statutory provision for its creation, it must be assumed to have arisen under the general provisions of the act of 1889 and its supplements. And if it arose under the provisions of the act of 1889 and its supplements, the vitality of the franchises claimed by it depends upon the observance of the restrictive provisions of that statute. Accordingly, when it is asserted that in a certain procedure the alleged corporation authorized certain conduct, it must be previously affirmatively shown that it had complied with the provisions of the 15th section of the act. Under these circumstances, as there is a failure of evidence of such compliance, it would seem that the authority claimed by the plaintiffs through that company to do this work has not been legally established. This is not a question which can be submitted to a jury, but it is a question to be decided by the court. Therefore, the plaintiffs not having made it evident (whether they had authority or not) that such authority existed, their procedure must be regarded as in the nature of a trespass; and whilst the evidence is not clear how the defendant owned the property upon which the trespass was physically made, yet on the other hand it is sufficiently clear to indicate that the defendant, being a carrying corporation, in the operation of a considerable business by virtue of the grant of power from the state, and having a station immediately opposite the scene of this transaction, did have such right in that locality, either in the nature of an easement or, possibly, in the nature of ownership of real estate, as to justify its claiming that there had been committed as against it an interference and trespass, threatening to impede its traffic and service to the public. Assuming this trespass thus committed upon the defendant to have resulted in a nuisance, the question remains: Was the defendant company in the procedure shown by the proofs so far authorized to act as it did as to preclude the suggestion that it wrongfully committed a trespass upon the plaintiffs? The foundation of the action is unlawful trespass upon the plaintiffs.

An owner of property would have the right, using no more

force than was necessary, to expel from the premises which were indisputably his, a person who intruded himself there without right; and it would seem that a business corporation, whose franchises are undisputed, would have a like right in case of trespass on its right of way or easement. If this is so, apart from any consideration of the power alleged to have been given these plaintiffs by the borough of Morrisville, and the power now alleged to have been given them through the channel of the alleged corporation, there would seem to have been no case made out for the plaintiffs. The only question, therefore, which we come down to, is this: Whether the borough of Morrisville may be vouched for an alleged trespass which resulted in the nuisance which led to the procedure here? I am of the opinion that that cannot be done, and that accordingly a nonsuit should be entered. I therefore enter a nonsuit.

The court subsequently refused to take off the nonsuit.

*Error assigned* was the court's refusal to take off the nonsuit.

*J. Campbell Lancaster*, for appellants.—The contractors in this case having the permission of the borough authorities to construct this road, stood in the place of the municipality itself, and what they did was done by reason of the power of the municipality: McDevitt v. Gas Co., 160 Pa. 367; Provost v. Water Co., 162 Pa. 275; Norwich Gas Light Co. v. Norwich City Gas Co., 25 Conn. 19; Larimer, etc., St. Ry. Co. v. Larimer St. Ry. Co., 137 Pa. 533; Redman v. Boulevard Co., 189 Pa. 437.

The defendant had no right to interfere in the forcible manner in which it did: Easton, etc., Pass. Ry. Co. v. Easton, 133 Pa. 505; Cooke v. Boynton, 135 Pa. 102.

*David W. Sellers*, for appellee.—As it must have been possible for the railway to complete its line before it had a right to begin construction anywhere, the plaintiffs' cause of action failed: Penna. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62; Rahn Township v. Tamaqua & Lansford St. Ry. Co., 167 Pa. 84.

PER CURIAM, February 5, 1900:

It is very clear that unless the East Penn Traction Company had lawful authority to build its road the plaintiffs, who were acting solely by the authority of that company, had no right to dig the trench in question, and were simply trespassers. As there was no evidence given on the trial which was at all sufficient to establish the right of the traction company to build its road, the conclusions expressed in the opinion of the learned court below were entirely correct, and for the reasons there stated the judgment is affirmed.

Judgment affirmed.