# Hannum, Appellant, v. Media, Middletown, Aston and Chester Electric Railway Company.

*Street railway companies—Consent of owners of abutting lands—Injunction—Equity—Act of June 19, 1871, P. L. 1361.*

Under the act of June 19, 1871, a property owner in a city on the line of a street railway company has a standing to question the authority of the company to construct its road in front of his property.

Consent of the abutting owners in townships is essential to the construction of a street railway and a property owner on the line of an extension in a city through which an extension of the railway passes may challenge the right of the company to build the extension because of the lack of consent to build its entire road, and the burden is upon the railway company to show that it has all the necessary consents.

*Street railways—Extensions—Charter route.*

When the right of a railway company to build an extension disconnected

from its charter route is denied, it is bound to show affirmatively that it has not abandoned any of the extensions necessary to connect it with its charter route.

A street railway company having a charter route and legally adopted extensions may begin the construction at any point most convenient to itself. But beginning at an extension is not the natural and usual way, and when challenged the company must show affirmatively its intention to complete the whole, and that its work on the branch is the bona fide beginning of the entire operation.

Municipal consent cannot create or enlarge corporate franchises, and where a street railway company has a trunk franchise and branch franchises, if the trunk has no sufficient legal existence its branches must also fail, and the municipality's consent to their construction will not avail the company.

Argued Feb. 12, 1901. Appeal, No. 310, Jan. T., 1900, by plaintiff, from decree of C. P. Del. Co., Sept. T., 1899, No. 196, dissolving injunction in case of John B. Hannum v. Media, Middletown, Aston and Chester Electric Railway Company and the Philadelphia, Morton and Swarthmore Street Railway Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for an injunction.

Before JOHNSON, P. J.

From the record it appeared that the Media, Middletown, Aston and Chester Electric Railway Company was incorporated to construct an electric railway from a point in the township of Middletown to the boundary of the city of Chester. By virtue of certain extensions and municipal consent it claimed the right to construct branches in the city of Chester. The plaintiff, a property owner in the city on the line of one of the branches, filed a bill in equity to enjoin the construction of the branch in front of his property on the grounds, among others, that the company had not obtained the consent of all the property owners in the township through which its trunk line ran, which was admitted, and because the extension in front of his property did not connect with the trunk line of the company and no valid extension completed the connection, the extension over which the connection would be made requiring the use of more than 2,500 feet of tracks of the Union Railway Company, a company the line of which was constructed and in operation. The defendants set up that in the municipal grant to the Union Rail-

way Company, the city of Chester had annexed to its consent a stipulation that it reserved the right to grant permission to any other railroad company to run over the tracks of the Union Company, which stipulation had been accepted by that company, and that this stipulation gave it the right to use the tracks of the Union Company for a distance of more than 2,500 feet.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*W. B. Broomall,* for appellant.—A company cannot construct a branch, if no part of the charter route has been constructed.

The company cannot construct a branch if no present right to construct the charter route exists : Penna. R. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62.

The franchise of a street railway passing through several localities is an entirety, and the necessary local or municipal consent for the whole route must be obtained before it has a right to build any part : Penna. R. R. Co. v. Greensburg, etc., Street Railway Co., 176 Pa. 559: Penna. R. R. Co. v. Turtle Creek Valley Electric Ry. Co., 179 Pa. 584 ; Wheeler & Boody v. Penna. R. R. Co., 194 Pa. 539.

The plaintiff, being the owner of the land to the middle of the streets upon which his properties abut, has the right to prevent any unlawful construction in the street. It is an additional servitude upon the land : Philadelphia & Merion Ry. Co.'s Appeal, 187 Pa. 123.

*David Wallerstein,* with him *E. A. Howell,* for appellee. There is a decision in the state of Pennsylvania upon the right of a railroad company to build branches before it constructs its main line, and supporting such right: Penna. R. R. Co.'s Appeal, 116 Pa. 55.

The company had power to build the branch : Penna. R. R. Co. v. Greensburg, etc., St. Ry. Co., 176 Pa. 559 ; Heilman v. Lebanon, etc., St. Ry. Co., 180 Pa. 627 ; Becker v. Lebanon, etc., St. Ry. Co., 188 Pa. 484 ; Federal St., etc., Pass. Ry. Co. v. Allegheny, 14 Pitts. L. J. (N. S.) 259 ; Allegheny City v. Millville, etc., St. Ry. Co., 159 Pa. 411 ; South Side Pass. Ry. Co. v. Second Ave. Pass. Ry. Co., 191 Pa. 492; Rafferty v. Central Traction Co., 147 Pa. 579 ; Penna. R. R. Co.'s App., 116 Pa. 55.

OPINION BY MR. JUSTICE MITCHELL, July 17, 1901:

Appellant is a landowner in the city of Chester, and filed this bill to enjoin the defendants from constructing a street railway track in front of his house. He set out in his bill that the charter route of the defendants did not include any part of the city of Chester, and that no part of the charter route had been constructed, both of which averments are conceded to be true; further that no complete authority to construct even the charter route had been acquired; that certain extensions had been adopted by the Media, etc., Company under which the attempted construction in front of his land was made, but that such extensions were not valid for want of complete authority to construct the charter line, for want of proper connections to form a continuous line with the charter route, and for want of proper consent by the corporate authorities of the city of Chester. This very condensed and general statement of the substance of the controversy, will suffice for present purposes.

The learned judge below found, inter alia, " that there is no evidence before the court that the consent to construct, maintain and operate defendant's railway has been refused by any abutting property owners on the line of the said railway in the townships through which the defendant's route passes." It was conceded, however, that there were abutting property holders in said townships, whose consent had not in fact been obtained. And further that " there was no evidence presented in the cause that the Media, Middletown, Aston and Chester Electric Railway Company had abandoned any of the said extensions," and that " there is no evidence of any damage to the plaintiff, either present or prospective, from the construction of the said railway on the streets in front of the properties of the plaintiff."

From these and other findings of fact the judge drew the following conclusions of law:

" 4. That the defendant having the prima facie right to construct, maintain and operate its street railway, may begin the construction of said street railway in any part of the route over which it has such right.

" 5. That the commonwealth of Pennsylvania having issued letters patent to the defendant upon the filing by the defendant of articles of association, which describe the charter route

of the defendant as lying wholly within the township and not within the boundary of any city, the plaintiff cannot contest the validity of the letters patent, so granted, and cannot contest the right to construct, maintain and operate an electrical railway thereunder.

"6. That as the property belonging to the plaintiff lies within the corporate limits of the city of Chester the defendant has the right to construct, maintain and operate its railway on the street in front of the plaintiff's property, without obtaining his consent, the municipal consent having been given; and that the plaintiff cannot obtain an injunction against the construction and operation of the defendant's railway on the street in front of the plaintiff's property by reason of any alleged damage to any other property than his own."

"14. That the construction and operation of the defendants' street railway on Fifteenth street and Walnut street in front of the plaintiff's property are a valid use of the said streets as a highway, and do not impose any additional servitude upon plaintiff's property rights in the said streets."

He therefore dissolved the preliminary injunction and dismissed the bill.

From the form of these findings it is manifest that the court approached the consideration of the questions involved, from the wrong side. Under the admitted facts the burden of proof was on the defendant thoughout. Complainant found a corporation about to do certain things in front of his property and to some extent affecting it. He challenged the authority of the company for its action. Under the Act of June 19, 1871, P. L. 1361, he had the right to do so. If he had shown that the defendant was proceeding without the consent of the city authorities of Chester there would be no question of his right to enjoin it. But the court held that as the charter route was through the townships only, complainant not being a property holder there, could not contest the right to construct the railway there. This would be quite applicable if complainant were directly contesting any action by the defendant in the townships, but he is not. What he is contesting is action within the city limits, which requires for its validity a valid right in the townships. He is as much entitled to attack the foundation as the superstructure. When, therefore, he filed his bill

on the grounds specified, the defendant was bound to show at least prima facie a complete right to do the act complained of. In this there was an admitted failure. The learned judge's finding that there was no evidence that any abutting property owner in the townships had refused consent, is not enough. Consent is essential to the right to build at all, and defendant was bound to show it affirmatively. If it should ultimately appear that for want of consent of property holders the charter route cannot be constructed, the extension in front of plaintiff's house would be without warrant of law, and so long as that possibility is open, the plaintiff is entitled to protection against it.

So also the finding that there was no evidence that the Media, etc., Company had abandoned any of the extensions specified, was wholly insufficient. The company was bound to show affirmatively that it had not abandoned them. Undoubtedly a company having a charter route, and legally adopted extensions, may begin the construction at any point most convenient to itself: Penna. R. R. Co.'s App., 116 Pa. 55. But beginning at an extension is not the natural and usual way, and when challenged, the company must show affirmatively its intention to complete the whole, and that its work on the branch is the bona fide beginning of the entire operation. No case affords any sanction to the idea that the company may proceed to construct an extension and in the mean time abandon or indefinitely defer the carrying out of its original franchise. That is what is charged in this case, the admitted facts put the burden of disproof on the defendants, and the burden has not been met by any satisfactory evidence.

It is argued that the landowners in the township have not objected to the construction of the road, and that after the time elapsed, even they might be refused an injunction on the authority of Becker v. Lebanon, etc., Street Ry. Co., 188 Pa. 484, and a fortiori complainant should be refused. It is sufficient answer that the landowners have not yet been called upon to object. No construction in front of their land has been begun, and there are no facts to which the principles of Becker v. R. W. Co. can apply. Whether their laches, if it exists, would bar complainant who moved promptly as soon as the acts of defendant gave him a standing to object, need not be considered now.

The argument that as complainant's house is on a city street his consent is not necessary, the railway not being an additional servitude of which he can complain after the city has given consent, may be briefly noticed. Municipal consent cannot create or enlarge corporate franchises. There are here a trunk franchise and branch franchises. Assuming that the city has consented to the branches, though that is disputed, yet if the trunk has no sufficient legal existence, the branches also must fail, and the city's consent will not avail the defendant.

The case presents some questions in regard to the continuity of routes, the connection between branches, the ordinances of consent by councils, and perhaps other matters which may be of importance to the final decision. But the conflicting statements of the parties and our lack of knowledge of the localities render it impossible for us to determime them in the absence of a map or explanatory plan.

Decree reversed, bill directed to be reinstated and injunction awarded. With leave to defendants to move the court below thereafter to open the case for further testimony. All costs up to present time to be paid by defendants.