204    127
26 SC  166

# Ohio River Junction Railroad Company, Appellant, *v.* Freedom & Conway Electric Street Railway Company.

*Railroads—Street railways—Preliminary injunction.*

A railroad company which has located, but not constructed a branch across a public road has a standing in equity to maintain a suit for an injunction against a street railway company to prevent the construction of a street railway across the branch at grade until the rights of the parties at the crossing are adjusted, and if a preliminary injunction has been granted, it will be continued, if it appears that the right of the street railway company to construct its line is doubtful, either from the lack of local or municipal consent, or from the doubtful validity of the lease of another company under which it claims the right to build.

Argued Oct. 23, 1902.   Appeal, No. 132, Oct. T., 1902, by plaintiff, from decree of C. P. Beaver Co., Sept. T., 1902, No. 4, dissolving a preliminary injunction in case of Ohio River Junction Railroad Company v. Freedom & Conway Electric Street Railway Company, The Beaver Valley Traction Company, Thomas H. Regan & Company and Thomas H. Regan.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.   Reversed.

Bill in equity for an injunction.

From the record it appeared that the plaintiff, a railroad corporation, under the general railroad laws of Pennsylvania, on

March 17, 1900, located a branch line which crossed the Beaver and Pittsburg state road, and subsequently located another branch crossing the state road in the borough of Freedom. These branches were respectively known as the Remington and Conway branches, and had not been constructed at the time of the filing of the bill. The Beaver Valley Traction Company leased the railway and franchises of the People's Electric Street Railway Company, and under this lease claimed the right to construct a street railway on the state road at the points where the two branches crossed that road. Plaintiff denied the validity of this lease, in so far as it gave power to construct a street railway on a country or township road. The plaintiff also denied that the traction company had secured the local and municipal consent prerequisite to its right to construct its line.

The court in an opinion by MILLER, P. J., dissolved a preliminary injunction which it had previously granted.

*Error assigned* was decree dissolving the injunction.

*Richard S. Holt,* with him *George Wilson,* for appellant.

*Arthur E. Barnett,* with him *John M. Buchanan,* for appellee.

PER CURIAM, November 4, 1902:

The decree is reversed and it is now ordered that the preliminary injunction granted by the court below be continued until final hearing.

In appeals of this character we do not pass upon the merits of the controversy between the parties until after the final determination of the cause by the court below.