# Altoona Belt Line Street Railway Company, Appellant, *v.* City Passenger Railway Company.

*Street railways—Location of route—Continuous route—Streets already occupied.*

Where a street railway company locates a portion of its route upon a street already occupied by tracks of another company in constant daily use, over which tracks it has no right to run, it has not a continuous route, and can construct no portion of the route specified in its charter.

Argued April 18, 1904. Appeal, No. 250, Jan. T., 1903, by plaintiff, from decree of C. P. Blair Co., Equity Docket C, No. 451, dismissing bill in equity in case of Altoona Belt Line Street Railway Company v. City Passenger Railway Company. Before MITCHELL, C. J., DEAN, BROWN, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity to restrain interference with the construction of a street railway.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*W. H. Sponsler*, with him *A. V. Dively*, for appellant.

*Silas W. Pettit*, with him *A. J. Riley* and *D. J. Neff*, for appellee.

OPINION BY MR. JUSTICE BROWN, May 23, 1904:

When the Altoona Belt Line Street Railway Company applied for its charter, issued to it on June 19, 1901, a portion of its proposed route was over certain streets on which the City Passenger Railway Company of Altoona had laid its tracks, and they were "in constant daily use for the transportation of passengers." The charter of the appellant gave it no power to occupy in the construction of its railway the streets already occupied and used by the appellee. A charter assuming to confer such power would be nugatory, for it would be "in hostility with the law of its creation :" Homestead Street Railway Co. v. Pittsburg and Homestead Electric Street Railway Co., 166 Pa. 162. That law authorized a charter for the construction of a street railway only on streets and highways "upon which no track is laid, under any existing charter, and in constant daily use for the transportation of passengers at the time of the application by another company for a charter to use such street."

If the appellant cannot construct its railway on the street occupied by the appellee at the time its charter was issued, neither can it use the tracks of the latter on those streets; for, although the legislature undertook to confer such power upon

a subsequently incorporated street railway company, we have held that it cannot be exercised, as the legislation granting it is violative of the constitution: Philadelphia, Morton and Swarthmore Street Railway Company's Petition, 203 Pa. 354, and Commonwealth ex rel. v. Uwchlan Street Railway Company, 203 Pa. 608.

The requirement of the act under which the appellant was incorporated is that it shall have a continuous route. This is impossible, because it adopted as part of its continuous route, recited in the application for its charter, certain streets upon which it can neither construct its railway nor run its cars over the tracks already laid. As it cannot, then, construct or operate the whole of its charter route, the construction or operation of any portion of it would be without warrant of law: Hannum v. Media, Middletown, Aston and Chester Electric Railway Co., 200 Pa. 44. It is, therefore, manifest that the appellee is not interfering, and will not interfere with any right possessed by the appellant, and the bill ought to have been dismissed.

Decree affirmed at appellant's costs.