# Pennsylvania Railroad Company *v.* Parkesburg & Coatesville Street Railway Company, Appellant.

*Street railways—Railroads—Crossing—Overhead bridge—Municipal consent—Consent of property owner—Act of June* 19, 1871, *P. L.* 1360—*Equity.*

A street railway company which has not the consent of all of the local authorities of the districts through which it proposes to pass, or of all of the owners of lands abutting on its line, may be enjoined from constructing its railway by any person or corporation whose interests are adversely affected by such construction. The burden of proof is upon the street railway company to show that it has secured all the consents.

Where a street railway company has failed to secure the consent of one

abutting landowner, and of one municipality along its proposed line of construction, a railroad company which has built, controls, and is under the duty of maintaining an overhead bridge carrying a highway over its tracks, has a standing in equity under the Act of June 19, 1871, P. L. 1360, to object to the construction of tracks over the bridge for the purposes of the electric railway, although the municipality in which the bridge is situated has given its consent, and although the street railway company has offered to reconstruct and strengthen the bridge so that it will be safe for the use of electric cars.

Argued Dec. 15, 1903. Appeal, No. 10, Oct. T., 1903, by defendant, from decree of C. P. Chester Co., No. 396, in equity, awarding injunction in case of Pennsylvania Railroad Company v. Parkesburg & Coatesville Street Railway Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for an injunction. Before BUTLER, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree awarding an injunction.

*George Quintard Horwitz*, with him *Albert B. Kelley* and *Alfred P. Reid*, for appellant.—The application for redress by injunction must establish a clear case of irreparable injury, likely to ensue from the continuance of the acts: Sparhawk v. Union Pass. Ry. Co., 54 Pa. 401; Cumberland Valley R. R. Co.'s App., 62 Pa. 218.

In respect to a mere crossing, a railroad company is not an abutting landowner to a passenger railway: Penna. R. R. Co. v. Greensburg, etc., Street Railway Co., 176 Pa. 559.

The Act of June 19, 1871, P. L. 1360, cannot be invoked by a railroad company in a proceeding by it to enjoin the construction of a street railway company along a public road which crosses its tracks and upon which land owned by it abuts, as none of the rights or franchises of the railroad company are injured or invaded: North Penna. R. R. Co. v. Inland Traction Co., 205 Pa. 579.

*John J. Pinkerton*, for appellee.—A corporation authorized to build a street railway has no right to enter upon the construction of its railway, or any part of it, until it has duly ob-

tained the necessary local consent of all the municipalities through which its railway is to pass, as well as the consent of all the owners of land abutting on the public road where its railway is proposed to be located : Penna. R. R. Co. v. Montgomery Co. Pass. Ry. Co., 167 Pa. 62 ; Rahn Twp. v. Tamaqua, etc., Street Ry. Co., 167 Pa. 84 ; Penna. R. R. Co. v. Electric Ry. Co., 179 Pa. 584 ; Hannum v. Electric Ry. Co., 200 Pa. 44.

The Parkesburg & Coatesville Street Railway Company, respondent, having attempted to build its railway without any legal authority to do so, is a trespasser, and the Pennsylvania Railroad Company, complainant, has such a standing in equity as to entitle it to an injunction to restrain an unauthorized and unlawful occupation by the respondent of a bridge erected and maintained by it : Thomas v. Inter-County St. Ry. Co., 167 Pa. 120 ; Penna. R. R. Co. v. Turtle Creek Valley Electric Ry. Co., 179 Pa. 584 ; Wheeler v. Penna. R. R. Co., 194 Pa. 539 ; Northern Central Ry. Co. v. Electric Ry. Co., 177 Pa. 142 ; Larimer, etc., St. Ry. Co. v. Ry. Co., 137 Pa. 533 ; Penna. Schuylkill Val. R. R. Co. v. Reading Paper Mills, 149 Pa. 18.

The Parkesburg & Coatesville Street Railway Company, respondent, in this case, without any show of authority, sought to invade the legal rights of the Pennsylvania Railroad Company, complainant, and, under such state of facts, it is not necessary to prove that irreparable injury has been sustained to entitle the complainant to redress by injunction : Com. v. Pittsburg, etc., R. R. Co., 24 Pa. 159 ; Penna. R. R. Co.'s App., 115 Pa. 514 ; Groff's App., 128 Pa. 621.


OPINION BY ORLADY, J., October 17, 1904 :

The Pennsylvania Railroad Company filed a bill in equity to enjoin the Parkesburg and Coatesville Street Railway from placing its tracks upon and across an overhead bridge, by which West Bridge street of the borough of Parkesburg, Chester county, is carried across the railroad tracks of the complainant.

The foundation of the action as set forth in the third paragraph of the bill was that the respondent, the street railway company, had not secured the necessary consent of the several municipal authorities and owners of land abutting on the public roads where its railway was proposed to be located for such location and construction.

VOL. XXVI—11

The bill alleged and it was conceded to be a fact that the bridge was designed, constructed, and erected by the steam railroad company over its railroad at the point where West Bridge street crosses the said railroad solely to accommodate the demands of the ordinary travel on and upon that public highway and was not adapted to or sufficient in design or structure for the extraordinary uses of an electric railway, and further that the steam railroad company was charged with the maintenance of its structure.

The court found as a fact " that not only has the defendant failed to show its possession of all the municipal and other essential consents to the construction of the road but on the other hand in respect to one rural abutting property owner and one municipality it is affirmatively proved that consents have not been secured." The court granted a preliminary injunction, which after a final hearing was made permanent. The defendant appealed and rests its claim to a reversal of the decree upon the proposition that the complainant did not have the right to inquire as to whether or not the defendant had other consents than those in the borough of Parkesburg. Two questions are raised by the assignments of error : 1. Whether the street railway, not having the consents from all the municipalities and abutting landowners between its charter terminals, can lawfully construct its railway by virtue of the ordinance of the borough of Parkesburg upon the bridge erected and maintained by the railroad company over its railroad on West Bridge street. 2. Is the railroad company a legal complainant to challenge the right of the street railway company?

In Penna. R. R. Co. v. Montgomery County Passenger Railway, 167 Pa. 62, it was held that a street railway company does not possess the right of eminent domain. It cannot build under its charter alone. It must have the consent of the proper municipal or local authorities or it cannot move. It is not possible for such company to complete its line without the consent of the local authorities of the districts through which it passes and where this is refused in one or more of the municipal or quasi-municipal divisions through which its line runs the building of its proposed road under its charter is an impossibility. See also Rahn Township v. Tamaqua, etc., Street Ry. Co., 167 Pa. 84. In Penna. R. R. Co. v. Turtle Creek

Valley Electric Railway Company, 179 Pa. 584, the Supreme Court stated : " Until the consent of each and all of these (boroughs and townships) had been duly obtained the company had no right to enter upon the construction of its line of railway or any part of it, and any attempt to do so could be restrained or punished as circumstances might require. The completion of any part of its line without having obtained the necessary local consent of all the municipalities affected, would have been an unauthorized occupancy of the public streets by its tracks. The projected road is a unit. It cannot be cut up into fragments by the corporation for its own advantage and at its own pleasure. When this is attempted the company and its own employees become trespassers and may be treated as such : Thomas v. Inter-County Street Railway Company, 167 Pa. 120." Wheeler v. Pennsylvania Railroad Company, 194 Pa. 539. In Hannum v. Media, etc., Electric Railway Co., 200 Pa. 44, it was held that the burden of proof was on the street railway throughout to show that it had secured the necessary consents. In that case the complainant found a corporation about to do certain things in front of his property in the city of Chester and to some extent affecting it. He challenged the authority of the company for its action. Under the Act of June 19, 1871, P. L. 1360, he had the right to do so, and though the complainant was not a property owner of the township in which the valid right was lacking, the court held that the complainant was as much entitled to attack the foundation as the superstructure, and that the railway company was bound to show at least prima facie a complete right to do the act complained of. The necessity for such proof and the effect of not furnishing it is summarized as follows : " The learned judge's finding that there was no evidence that any abutting property owner in the townships had refused consent, is not enough. Consent is essential to the right to build at all, and defendant was bound to show it affirmatively. If it should ultimately appear that for want of consent of property holders the charter route cannot be constructed, the extension in front of plaintiff's house would be without warrant of law, and so long as that possibility is open, the plaintiff is entitled to protection against it." The appellant in this case acted upon a different interpretation of the law and did not show or offer to

show what consents, if any, it had secured, contending that it was not necessary, because the complainant did not have the right to inquire as to whether or not the defendant had other consents than those of the borough of Parkesburg. "By reason of the provisions of section 18 of the act of 1889—as the latter is qualified by the provisions of section 2 of the act of 1871—the railroad company holds subject to the lawful uses of the highway, and amongst them its use for the passage of the cars of a street railway company over the route authorized by its charter, provided of course, that the latter is otherwise fully entitled to do so : " Penna. Railroad Co. v. Traction Co., 25 Pa. Superior Ct. 115.

Keeping in mind that it was affirmatively shown that the street railway company did not have consents from at least one municipality and one rural abutting landowner along its route, the foregoing decisions of our Supreme Court must control the case, if there is a proper complainant and the law has not been changed by subsequent decisions. The defendant relies upon North Pennsylvania R. R. Co. v. Inland Traction Co., 205 Pa. 579, but the grounds of complaint in this case are entirely different from those in that one. There the court below found as a fact that " the defendants (street railway company) are lawfully engaged in the construction of their road, and that they had the consents of the owners of the land on the opposite side of the road from the complainant, and also of the township authorities and of the turnpike company which gives them the rights claimed," and the Supreme Court specially held that " the Act of June 19, 1871, P. L. 1360, is not intended for such a case as the appellants present, and cannot be invoked by them, for none of their rights or franchises are invaded. Plaintiffs have no standing to object as no part of their property is taken or encroached upon."

Assuming that the railroad company is not, at that overhead bridge crossing, " an abutting landholder to the passenger railway " (Penna. R. R. Co. v. Greensburg, etc., Street Ry. Co., 176 Pa. 559), and further that the bridge over the railroad is a part of the public highway, no matter by whom erected or maintained, yet under the provisions of the act of 1871 it has standing to maintain a bill in equity to question the right of the street, railway to occupy the bridge. As stated

above, " it cannot build under its charter alone. It must have
the consent of the proper municipal or local authorities or it
cannot move. The projected road is a unit. It cannot be cut
up into fragments by the corporation for its own advantage or
at its own pleasure. Consent is essential to the right to build
at all, and the defendant was bound to show it affirmatively."
And the route must be a continuous one : Altoona Belt Line
St. Ry. Co. v. Railway Co., 209 Pa. 280. The right to construct
and the duty to maintain the overhead bridge is founded upon
the charter obligation of the plaintiff. A citizen of Parkes-
burg could have maintained a bill to enjoin the location of the
tracks in the borough under authority of Hannum v. Media,
etc., Electric Ry. Co., 200 Pa. 44. If the right invaded was
resisted by an abutting owner of land the lack of legal consents
would be unanswerable, and there is no reason shown why the
railroad company may not resist with the same objection the
unlawful construction of the street railway across its road, even
by an overhead bridge. No reason has been suggested nor can
we conceive of any which precludes a corporation from invok-
ing the same protective remedies and urging the same grounds
for relief which are available to a private citizen when its vested
interests or franchise rights are assailed by a wrongdoer.

The obligation to maintain the bridge—as a part of West
Bridge street—as a safe public highway did not measure its
whole duty or property interest in regard to it. It had the
right to elevate or lengthen it to provide adequately for the
exigencies of its traffic and use of its engines and cars on its
tracks as then or subsequently arranged ; it was bound to pro-
tect the passengers over its road and its employees from de-
fective construction, and to exercise a proper supervision over
the maintenance of its abutments, superstructure and ap-
proaches to secure the safety of the traveling public on the
bridge proper : Gates v. Penna. R. R. Co., 150 Pa. 50. The
extent of the danger from accident from heavy electric cars on
the bridge and other causes which could not be anticipated,
would depend upon the care and skill used by the street rail-
way company, and over these the steam railway company would
not have any direct control. See Northern Central Ry. Co. v.
Harrisburg, etc., Electric Ry. Co., 177 Pa. 142.

It is urged that provisions for all these objections could be

made by a proper decree, and conceding that this in large measure could be done, it does not contravene or is not inconsistent with the right of the steam railroad company to invoke the aid of the courts by a bill in equity " to examine, inquire, and ascertain whether such corporation does in fact possess the right or franchise to do the act from which such alleged injury to the rights and franchises of the railroad company results " (act of 1871), and to resist the invasion of the bridge by an unauthorized and dangerous encroachment. Its rights must be considered in making a decree for strengthening or widening the bridge at the expense, in whole or in part, by the street railway company so as to give it standing as a complainant to be heard in the matter, and on this proposition the appellant plants its defense. The question has been before the Supreme Court and decided that a railroad company has standing in equity to maintain a suit for injunction against a street railway company, if it appears that the right of the street railway company is doubtful, either from the lack of local or municipal consent, or from the doubtful validity of the lease of another company under which it claims the right to build : Ohio River Junction Railroad Co. v. Freedom & Conway Electric Street Ry. Co., 204 Pa. 127.

The rights of the first occupant of the ground, in pursuance of law, are recognized as superior to those of the new claimant. Every reasonable intendment must be taken in favor of the primary rights of the complainant at the points of the alleged conflict. No actual encroachment upon these rights can be sanctioned or allowed, and in measuring their extent there must be a liberal consideration for the future as well as the existing necessities of the complainant, the use of the existing tracks, the construction of additional ones, and the unembarrassed transaction of all its business : Smethport Railroad Co. v. Pittsburg, etc., Railroad Co., 203 Pa. 176.

The offer to reconstruct and strengthen the bridge, so that it will be safe for transportation and carriage of its cars, does not help the defense if it is without legal authority to enter upon the bridge. The consents of the municipalities and abutting owners were a prerequisite to building any part of the road, and is equivalent to a statutory prohibition against building it without such consents. It is not necessary to trace out

prejudicial consequences to bring such an act within the defined jurisdiction in equity of our courts. If the law is transcended or disobeyed the act may be restrained : Hunter's Appeal, 40 Pa. 194. The court may take upon itself to say whether the common-law remedy is, under all the circumstances and in view of the conduct of the parties, sufficient for the purpose of complete justice, or whether the intervention of chancery may not for that purpose be required and beneficially applied : Penn Iron Co. .v. City of Lancaster, 25 Pa. Superior Ct. 478.

Assuming that the appellants have not physically taken any of the plaintiffs' property, yet if the plaintiffs have been specially threatened with injury by the plaintiffs' action, it is entitled to an injunction without proving the amount of damage. The street railway is not on its own land. If not empowered to use the street, it has no more right to construct a street railway on it than any other person : Penna. Railroad Co.'s Appeal, 115 Pa. 514.

The decree of the court below is affirmed.