## Curry *v.* Pittsburgh, Harmony, Butler & New Castle Railway Company, Appellant.

*Street railways—Construction of power line—Authority—Charter — Municipal ordinance — Rights of property owner — Bill in equity—Injunction.*

1. A street railway company is required to describe the route for its proposed railway in its application for a charter, naming the streets, highways and bridges over which it intends to construct, maintain and operate its railway; the franchise of the Commonwealth limits the railway company to the operation of the road on the route described in the charter.

2. The Act of June 1, 1907, P. L. 368, authorizing street railway companies to occupy lands for certain purposes, empowers such companies to construct transmission lines which may be divergent from the line of the railway, only where the routes for such lines are properly set forth in its charter route or in extensions thereof.

3. A street railway company was properly enjoined from con-

structing a transmission line to convey electric power, at the instance of a property owner affected, where on the hearing it showed as authority to construct such line an ordinance granting the consent of the local municipal authorities, but failed to show the essential prerequisite of authority from the Commonwealth designated in the company's charter or in extensions to its charter route. In such case the burden was upon the defendant to show that it had the right to construct the line.

Argued Oct. 4, 1915.   Appeal, No. 128, Oct. T., 1915, by defendant, from decree of C. P. Lawrence Co., March T., 1914, No. 1, awarding an injunction, in case of Robert Curry v. Pittsburgh, Harmony, Butler and New Castle Railway Company, a Corporation.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity for an injunction.   Before PORTER, P. J. The opinion of the Supreme Court states the facts.

The court awarded an injunction.   Defendant appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law and the decree of the court.

*Walter Lyon* and *J. N. Martin,* of *Martin & Martin,* for appellant.—A company incorporated under the Street Railway Act of May 14, 1889, P. L. 211, has the power in a borough, with consent of the local authorities, to construct an electric line for the transmission of power upon a route divergent from its railway, for the supply of the motive power used in the operation of its railway: Smith v. Simmons, 103 Pa. 32; Freeport Water Works Co. v. Prager, 129 Pa. 605; Freeport Boro. School District v. Enterprise Natural Gas Co., 18 Pa. Superior Ct. 73; Cochranton Borough v. Cochranton Telephone Co., 41 Pa. Superior Ct. 146; Powell v. Macon & Indian Springs R. R. Co., 92 Ga. 209.

*Robert K. Aiken* and *C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* for appellee.—It did not appear that the defendant had a right to construct a street railway over the route upon which it attempted to place its wires, therefore its act in so doing was unauthorized: Commonwealth v. Erie & No. East R. R. Co., 27 Pa. 339-351; Woods v. Greensboro Natural Gas Co., 204 Pa. 606-609; Penna. Telephone Co. v. Hoover, 209 Pa. 555-557; Commonwealth v. Greybill, 17 Pa. Superior Ct. 514-518; South Western State Normal School, 26 Pa. Superior Ct. 99-102; South Western State Normal School's Case, 213 Pa. 245; Bly v. White Deer Mountain Water Co., 197 Pa. 80; Schroeder v. Scranton Gas & Water Co., 20 Pa. Superior Ct. 255; Cooke v. Marshall, 191 Pa. 315; Cooke v. Marshall, 196 Pa. 200; Millvale Borough v. Evergreen Ry. Co., 131 Pa. 1; Folk v. State Cap. Svgs. & Loan Assn., 214 Pa. 529-542; Van Voorhis v. Pittsburgh & Charleroi St. Ry. Co., 13 Pa. Dist. Rep. 719.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

The plaintiff in this case sought to enjoin the defendant, a street railway company, from constructing a transmission line to convey electric power along an alley in front of his property. The court below granted the injunction upon the ground that it was proposed to build the line for the transmission of power, separate from the line of the railway tracks, and over a different route and upon one not designated in the charter. The separation between the route for the tracks and that for the transmission line, was made at the request of the borough authorities, and with their consent. The narrow question here presented for determination is whether the defendant showed that it had proper authority to build its line of electric wires for the transmission of the power upon the route it sought to occupy. It is contended on behalf of plaintiff that the tracks and the power transmission line must follow the same route, and that no authority for any separation was shown. In reply, counsel for

defendant points to the language of the Act of June 1, 1907, P. L. 368, which in section one confers upon street railway companies chartered under the provisions of the Act of May 14, 1889, P. L. 211, the power of eminent domain and authorizes them to take and occupy such lands "as may be required for the purpose of locating and constructing all turnouts, poles, stations, power houses, car barns, lines for the transmission of power, and all necessary works and buildings, conveniences, and equipments for the construction and operation of machinery, engines, boilers, or appliances—including the erection of poles for the support of wires, and conduits or the making of tunnels or subways—for the production or supply of the motive power used by said company in the operation of its railway, whether the lines for the transmission of such power be parallel with the said railway or divergent therefrom: Provided, that no right of way for any such divergent transmission line shall exceed sixteen and one-half (16½) feet in width." Clearly this is authority for the construction of a transmission line, which may be divergent from the line of the railway, where the route for it is properly adopted in the charter. But, as the court below states in setting forth his first conclusion of law, "A street passenger railway company is required to describe the route for its proposed railway in its application for charter; that is, to name the streets, highways and bridges, and the franchise from the Commonwealth is to construct, maintain and operate a railway on such route for public use. The same requirement applies to extension resolutions." The court further points out that upon the trial of this case the defendant did not offer its charter in evidence, or show that it had any franchise or authority from the Commonwealth to use or occupy any of the streets or highways in the borough. No authority to construct either railway tracks or transmission lines was shown. Counsel for defendant rested upon the ordinances showing the consent of the local municipal authorities. These

were requisite in their place, but an essential prerequisite was the showing of authority from the Commonwealth, as set forth in the charter. While the consent of the municipality is essential, it is necessarily a subsequent incident: Homestead St. Ry. v. Pittsburgh & Homestead Electric St. Ry., 166 Pa. 162; Hannum v. Media, Middletown, Aston & Chester Electric St. Ry. Co., 200 Pa. 44. In the present case the burden was upon the defendant to show that it had the right to do the act of which complaint is made, that is, to erect poles and build its transmission line upon the alley in front of plaintiff's property. It failed to show that it had made any provision for the use of the location in question, for its transmission line, under the terms of its charter. It is unnecessary to go further. The question of what the defendant might have rightfully done in the way of building a separate and diverging line for the transmission of its power, has no place in this case, because the defendant has not shown that it made any provision in its charter route, or by any extension thereto, for the location of the diverging transmission line, which it proposed to construct. This being so, it is conclusive as to this appeal, and we need not consider or discuss other questions raised by the assignments of error. They are all dismissed, as is this appeal, at the cost of appellant, and the decree of the court below is affirmed.